**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mark Joseph GOBLE, aka Mark James
Goble, Defendant—Appellant.**

No. 01–30427.

D.C. No. CR–00–00126–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Jan. 24, 2003.

Before TROTT, T.G. NELSON and
THOMAS, Circuit Judges.

MEMORANDUM *

Mark J. Goble appeals the district court's denial of his motion to suppress evidence seized from his motor home. He also appeals his sentence. We conclude that the district court correctly denied Goble's motion to suppress.[1] Although the issue is a close one, the facts that Deputy O'Toole asked, and did not order, Goble to answer questions, and that law enforcement did not pull Goble over but simply summoned him from his already-parked mobile home, weigh sufficiently in favor of a voluntary encounter to allow us to af-

firm.[2] Accordingly, we affirm the conviction.

The Government conceded that it failed to offer sufficient proof to justify the two-point enhancement to Goble's sentence under United States Sentencing Guideline § 2D1.1(b)(5) (2000). Accordingly, we vacate Goble's sentence and remand for plenary re-sentencing.

**THE CONVICTION IS AFFIRMED; THE SENTENCE IS VACATED AND REMANDED.**

THOMAS, Circuit Judge, concurring in part and dissenting in part.

Given the government's proper concession that it failed to offer sufficient proof to justify a sentence enhancement pursuant to U.S.S.G. § 2D1.1(b)(5), I agree that the sentence must be vacated and the case remanded for re-sentencing.

But I respectfully dissent from the conclusion that the initial interaction between Goble and the law enforcement officers was a purely voluntary encounter rather than an investigatory stop. The government has conceded that it had no legal basis to stop Goble. Thus, the determinative question is whether Goble's first interaction with the officer was a voluntary encounter or an impermissible investigatory stop. I believe that the encounter constituted an impermissible investigatory stop.

"Questioning by law enforcement officers constitutes an investigatory stop only

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review the district court's decision de novo. *United States v. Summers,* 268 F.3d 683, 686 (9th Cir.2001).

2. *See United States v. Kim,* 25 F.3d 1426, 1430–31 (9th Cir.1994); *cf. United States v. Kerr,* 817 F.2d 1384, 1386 (9th Cir.1987) (finding a stop where the police officer stopped the defendant while in motion).

if in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Kim*, 25 F.3d 1426, 1430 (9th Cir.1994) (citations and internal quotation marks omitted). The facts of Goble's first encounter with the policy do not suggest that a "reasonable person would have believed that he was [ ] free to leave." *Id.* Goble had been followed by an officer for several miles when he pulled into a convenience store. Soon after entering the store's parking lot, Goble's mobile home was surrounded by four marked police cruisers, which impeded and probably blocked his egress, and by four uniformed officers, one of whom positioned himself behind Goble's vehicle. Under these facts, I do not believe that a reasonable person would have felt "free to leave." Because Goble had "no reasonable alternative except an encounter with the police," the interaction must be characterized as an investigatory stop. *United States v. Kerr*, 817 F.2d 1384, 1386 (1987). As such, the encounter was involuntary, and the subsequent search of the motor home violated the Fourth Amendment. Therefore, I respectfully dissent from the majority's contrary conclusion.